VERONICA HELMS                    VS. OHIO VALLEY MEDICAL CENTER

LINE   DATE   ACTION

    1 03/04/19  COMPLAINT;MEMO;SUMMONS ID TO OHIO VALLEY MEDICAL CENTER RETURNED
    2           TO ATTORNEY FOR ISSUANCE BY SOS;RECEIPT;
    3 03/28/19  R/S SOS ACCEPTED SERVICE OF PROCESS ON BEHALF OF OVMC INC ON
    4           3/21/19





A copy, Teste:

Clerk Clerk

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

VERONICA HELMS,

     Plaintiff,

v.

                             Civil Action no. 19-C-59
                             JUDGE _Olejasz_

OHIO VALLEY MEDICAL
CENTER, INC.,

     Defendant.

## COMPLAINT

      Comes now Plaintiff, Veronica Helms, by counsel, Richard W. Walters and Carl W. Shaffer of the law firm Shaffer & Shaffer PLLC, and for her Complaint against Defendant, Ohio Valley Medical Center, Inc., states and alleges the following:

### PARTIES

      1.     Veronica Helms is a resident and citizen of Canal Fulton, Ohio.

      2.     Ohio Valley Medical Center, Inc. ("Medical Center"), is a West Virginia corporation with its principal place of business in Ohio County, West Virginia.

### JURISDICTION & VENUE

      3.     This Court has jurisdiction over this action because Medical Center conducts business in Ohio County, West Virginia, and the matters in controversy occurred in Ohio County, West Virginia.

      4.     Venue is proper in this Court because Medical Center conducts business in Ohio County, West Virginia, and the matters in controversy occurred in Ohio County, West Virginia.

A copy, Teste:

Brenda L. Miller

Circuit Clerk

1-2

## FACTUAL BACKGROUND

5.     Medical Center is a non-profit corporation that operates a hospital in Ohio County, West Virginia.

6.     Medical Center contracts with traveling nurses, which are nurses who travel to and work at different hospitals across the country as need arises.

7.     Ms. Helms was, at all times relevant herein, a traveling nurse under contract with Medical Center.

8.     On November 23, 2018, Ms. Helms showed up early for her shift in the psychiatric ward of Medical Center.

9.     The psychiatric ward had a very low occupancy rate that day and therefore had a relatively low need for nurses.

10.     Ms. Helms' supervisor instructed Ms. Helms to check the emergency room of Medical Center to see whether additional nurses were needed there.

11.     Medical Center's emergency room computer system was allegedly hacked that day, so the emergency room was diverting patients away from Medical Center and told Ms. Helms that it did not need an additional nurse.

12.     Upon returning to the psychiatric ward, Ms. Helms' supervisor told her that there was no need for her that day, signed her time sheet, and sent her home for the day.

13.     Medical Center then falsely claimed that Ms. Helms abandoned her shift and terminated its traveling nurse contract with her before the expiration of the contract term.

14.    Medical Center also contacted Ms. Helms' placement company, Medical Solutions LLC, and repeated the falsehood that Ms. Helms abandoned her shift.

15.    Medical Center also told Medical Solutions LLC that Ms. Helms would not return its phone calls.

16.    Ms. Helms had a contract with Medical Solutions LLC to arrange placements for her traveling nursing assignments.

17.    Because of the falsehoods related to it by Medical Center, Medical Solutions LLC stopped placing Ms. Helms on traveling nursing assignments.

18.    Ms. Helms did not get paid unless she was working on a traveling nursing assignment.

19.    As a result of Medical Center's actions, Ms. Helms has lost and continued to lose substantial income and benefits.

## COUNT I—BREACH OF CONTRACT

20.    Ms. Helms incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

21.    Ms. Helms fully complied with every obligation imposed upon her by her contract with Medical Center and with Medical Solutions LLC.

22.    Medical Center failed to fulfill its obligations under its contract with Ms. Helms.

23.    Ms. Helms lost substantial income and benefits to which she would have been entitled had Medical Center performed its obligations under the contract.

24.    Ms. Helms spent some of her own time and resources in reliance on complete fulfillment of her contract with Medical Center.

3

## COUNT II—DEFAMATION

25.    Ms. Helms incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

26.    Medical Center made false statements to Medical Solutions LLC to justify its breach of her employment contract.

27.    Medical Center intended to harm Ms. Helms in doing so, or at least acted with a negligent disregard to the truth.

28.    Ms. Helms has been injured as a result of Medical Center's stated falsehoods.

## COUNT III—TORTIOUS INTERFERENCE

29.    Ms. Helms incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30.    Medical Center intended to interfere with Ms. Helms' contract with Medical Solutions LLC when it gave Medical Solutions LLC false reasons for Ms. Helm's termination.

31.    Because of the false statements from Medical Center, Medical Solutions LLC refused to place Ms. Helms on other traveling nursing assignments.

32.    Ms. Helms lost substantial income and benefits as a result of not being placed on other traveling nursing assignments.

WHEREFORE, Ms. Helms requests judgment against Medical Center as follows:

        a.    Compensatory damages, including lost wages and benefits;

        b.    Emotional distress damages;

4

c.      Reputational damages;

d.      Annoyance and inconvenience damages;

e.      Punitive damages;

f.      Attorney fees and costs;

g.      Prejudgment interest on all amounts; and

h.      Such further relief as the Court may find appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

**VERONICA HELMS**
**Plaintiff,**

**By Counsel,**

Richard W. Walters (WVSB #6809)
Carl W. Shaffer (WVSB #13260)
SHAFFER & SHAFFER PLLC
P.O. Box 3973
Charleston, WV 25339
Telephone: (304) 344-8716

5

CASE INFORMATION STATEMENT

MAR 4 '19 AM 8:18
OHIO CO CIRCUIT COURT

<u>CIVIL CASES</u>

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. <u>CASE STYLE</u>:

VERONICA HELMS,

     Plaintiff,

                                      CIVIL ACTION NO: 19-C-59 mgo

v.

OHIO VALLEY MEDICAL
CENTER, INC.

     Defendant.

                           Days to Answer:        Type of Service:
                             30 days           Secretary of State

Ohio Valley Medical Center, Inc.
2000 Eoff Street
Wheeling, WV  26003

II. <u>TYPE OF CASE</u>:

| <u>TORTS</u> | <u>OTHER</u> | <u>CIVIL</u> |
|---|---|---|
| _____ Asbestos | _____ Adoption | _____ Appeal From Magistrate Court |
| _____ Professional Malpractice | _____ Contract | _____ Petition For Modification Of Magistrate Sentence |
| _____ Personal Injury | _____ Real Property | _____ Miscellaneous Civil |
| _____ Wrongful Death | _____ Mental Health | _____ Other |
| _____ Product Liability | _____ Appeal of Administrative Agency | |
| __X__ Other Tort | | |

**III. JURY DEMANDED:** __X__ YES _____ NO

CASE WILL BE READY FOR TRIAL BY:    February / 2020

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ____ Yes __X__ No

IF YES, PLEASE SPECIFY:

___ Wheelchair accessible hearing room and other facilities.

___ Interpreter or other auxiliary aid for the hearing impaired.

___ Reader or other auxiliary aid for the visually impaired.

___ Spokesperson or other auxiliary aid for the speech impaired.

___ Other: _____.

===========================================================================

Attorney:    Richard W. Walters, Esq. (WVSB #6809)    Representing:
Firm:        Shaffer & Shaffer, PLLC                  __X__ Plaintiff _____ Defendant
Address:     2116 Kanawha Blvd.
             PO Box 3973
             Charleston, WV 25339

Telephone No: (304) 344-8716
Fax No: (304) 344-1481

Dated: __2/27/19__

_____
Richard W. Walters

# SHAFFER & SHAFFER, PLLC
## ATTORNEYS AT LAW

CHARLES S. PICCIRILLO
HARRY G. SHAFFER, III
ANTHONY J. CICCONI
TODD A. MOUNT
BRIAN L. OOTEN
SABRENA OLIVE GILLIS
RICHARD W. WALTERS
JEFFREY S. BURGESS
BENJAMIN M. MISHOE
K. BRIAN ADKINS
J. ALEXANDER MEADE
CARL W. SHAFFER

2116 KANAWHA BOULEVARD, EAST
CHARLESTON, WEST VIRGINIA  25311

POST OFFICE BOX 3973
CHARLESTON, WEST VIRGINIA  25339-3973

TELEPHONE (304) 344-8716
FAX (304) 344-1481

MADISON OFFICE:

330 STATE STREET
P.O. BOX 38
MADISON, WV 25130
TELEPHONE (304) 369-0511
FAX (304) 369-5431

February 27, 2019

Brenda Miller, Clerk
Ohio County Circuit Clerk
1500 Chapline Street
Wheeling, WV  26003

Re:   *Veronica Helms v. Ohio Valley Medical Center, Inc.*
       Circuit Court of Ohio County, West Virginia

Dear Clerk:

Enclosed for filing, please find the following documents:

1.  An original and two copies of the Complaint and Civil Cover Sheet;

2.  An original and two copies of a summons for defendant Ohio Valley Medical Center; and

3.  Our check in the amount of $200 for filing the Complaint.

Please return the copy of the Summonses and Complaint to my office for service.

Thank you for your assistance in this matter.

Sincerely,

Richard W. Walters

RWW/dlb
Enclosures
cc:  Veronica Helms

# SUMMONS

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

VERONICA HELMS

     Plaintiff,

v.

                                         CIVIL ACTION NO: _19-C-59_

                                         JUDGE _Oleijasy_

OHIO VALLEY MEDICAL
CENTER, INC.,

     Defendant.

TO:   **OHIO VALLEY MEDICAL CENTER, INC.**
       2000 Eoff Street
       Wheeling, WV  26003

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **Richard W. Walters,** plaintiff's attorney, whose address is **P. O. BOX 3973, CHARLESTON, WEST VIRGINIA 25339,** an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within <u>30</u> days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: _3/4/19_

                                              _Brenda L. Miller_
                                                     Clerk of Court

                                          By _Vicki Lowfe_
                                                         Deputy

OFFICE OF THE CIRCUIT CLERK

RECEIPT #: 94803

OHIO
1500 CHAPLINE ST.
WHEELING

DATE RECEIVED: 03/04/2019

RECEIVED FROM: SHAFFER & SHAFFER

TOTAL: $200.00

STYLE OF CASE
      VERONICA HELMS
         VS.
      OHIO VALLEY MEDICAL CENTER

IN PAYMENT OF FILING FEE
BY Cash  55665

CASE #: 19-C-59

BRENDA L MILLER
CLERK OF THE CIRCUIT COURT


BY _V_____

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

Brenda L. Miller
4th Floor, City County Bldg.
1500 Chapline Street
Wheeling, WV 26003-3592

**Control Number:** 236071

**Defendant:** OHIO VALLEY MEDICAL CENTER
INCORPORATED
2000 EOFF ST.
WHEELING, WV 26003 US

**Agent:** RICK SCHERICH

**County:** Ohio

**Civil Action:** 19-C-59

**Certified Number:** 92148901125134100002493032

**Service Date:** 3/21/2019

I am enclosing:

**1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of YOUR PENDING CORPORATION.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of YOUR PENDING CORPORATION as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office**.

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

3-4/

# SUMMONS

MAR 28 '19 A 11:28
OHIO CO CIRCUIT COURT

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

**VERONICA HELMS**

      **Plaintiff,**

v.

      **CIVIL ACTION NO:** 19-C-59
      **JUDGE** _Olejasz_

**OHIO VALLEY MEDICAL
CENTER, INC.,**

      **Defendant.**


**TO:**   **OHIO VALLEY MEDICAL CENTER, INC.**
      2000 Eoff Street
      Wheeling, WV  26003


IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon **Richard W. Walters**, plaintiff's attorney, whose address is **P. O. BOX 3973, CHARLESTON, WEST VIRGINIA 25339**, an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: _3/4/19_

_Brenda L. Miller_
_____
Clerk of Court

By _Vicki Long_
             Deputy

## CASE INFORMATION STATEMENT

### CIVIL CASES

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA:

MAR 4 '19 AM6:13
OHIO CO CIRCUIT COURT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I.  CASE STYLE:

**VERONICA HELMS,**

      **Plaintiff,**

CIVIL ACTION NO: 19-C-59
(Ingo)

**v.**

**OHIO VALLEY MEDICAL
CENTER, INC.**

      **Defendant.**

                            Days to Answer:        Type of Service:
                             30 days           Secretary of State

**Ohio Valley Medical Center, Inc.**
2000 Eoff Street
Wheeling, WV  26003

## II.  TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| _____Asbestos | _____Adoption | _____Appeal From Magistrate Court |
| _____Professional Malpractice | _____Contract | _____Petition For Modification Of Magistrate Sentence |
| _____Personal Injury | _____Real Property | _____Miscellaneous Civil |
| _____Wrongful Death | _____Mental Health | _____Other |
| _____Product Liability | _____Appeal of Administrative Agency | |
| __X__ Other Tort | | |

**III. JURY DEMANDED:**   __X__ YES   _____ NO

CASE WILL BE READY FOR TRIAL BY:   February / 2020

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ____ Yes   __X__ No

IF YES, PLEASE SPECIFY:

___   Wheelchair accessible hearing room and other facilities.

___   Interpreter or other auxiliary aid for the hearing impaired.

___   Reader or other auxiliary aid for the visually impaired.

___   Spokesperson or other auxiliary aid for the speech impaired.

___   Other: _____.

=================================================================

Attorney:   Richard W. Walters, Esq. (WVSB #6809)   Representing:
Firm:   Shaffer & Shaffer, PLLC   __X__ Plaintiff   _____ Defendant
Address:   2116 Kanawha Blvd.
          PO Box 3973
          Charleston, WV  25339

Telephone No: (304) 344-8716
Fax No:  (304) 344-1481

Dated:  _2/27/19_

Richard W. Walters

MAR 4 '19 AM8:14
OHIO CO CIRCUIT COURT

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

VERONICA HELMS,

      Plaintiff,

v.

                                Civil Action no. 19-C-59
                                JUDGE Oliejasy

OHIO VALLEY MEDICAL
CENTER, INC.,

      Defendant.

## COMPLAINT

Comes now Plaintiff, Veronica Helms, by counsel, Richard W. Walters and Carl W. Shaffer of the law firm Shaffer & Shaffer PLLC, and for her Complaint against Defendant, Ohio Valley Medical Center, Inc., states and alleges the following:

### PARTIES

1.    Veronica Helms is a resident and citizen of Canal Fulton, Ohio.

2.    Ohio Valley Medical Center, Inc. ("Medical Center"), is a West Virginia corporation with its principal place of business in Ohio County, West Virginia.

### JURISDICTION & VENUE

3.    This Court has jurisdiction over this action because Medical Center conducts business in Ohio County, West Virginia, and the matters in controversy occurred in Ohio County, West Virginia.

4.    Venue is proper in this Court because Medical Center conducts business in Ohio County, West Virginia, and the matters in controversy occurred in Ohio County, West Virginia.

## FACTUAL BACKGROUND

5.     Medical Center is a non-profit corporation that operates a hospital in Ohio County, West Virginia.

6.     Medical Center contracts with traveling nurses, which are nurses who travel to and work at different hospitals across the country as need arises.

7.     Ms. Helms was, at all times relevant herein, a traveling nurse under contract with Medical Center.

8.     On November 23, 2018, Ms. Helms showed up early for her shift in the psychiatric ward of Medical Center.

9.     The psychiatric ward had a very low occupancy rate that day and therefore had a relatively low need for nurses.

10.     Ms. Helms' supervisor instructed Ms. Helms to check the emergency room of Medical Center to see whether additional nurses were needed there.

11.     Medical Center's emergency room computer system was allegedly hacked that day, so the emergency room was diverting patients away from Medical Center and told Ms. Helms that it did not need an additional nurse.

12.     Upon returning to the psychiatric ward, Ms. Helms' supervisor told her that there was no need for her that day, signed her time sheet, and sent her home for the day.

13.     Medical Center then falsely claimed that Ms. Helms abandoned her shift and terminated its traveling nurse contract with her before the expiration of the contract term.

2

14.    Medical Center also contacted Ms. Helms' placement company, Medical Solutions LLC, and repeated the falsehood that Ms. Helms abandoned her shift.

15.    Medical Center also told Medical Solutions LLC that Ms. Helms would not return its phone calls.

16.    Ms. Helms had a contract with Medical Solutions LLC to arrange placements for her traveling nursing assignments.

17.    Because of the falsehoods related to it by Medical Center, Medical Solutions LLC stopped placing Ms. Helms on traveling nursing assignments.

18.    Ms. Helms did not get paid unless she was working on a traveling nursing assignment.

19.    As a result of Medical Center's actions, Ms. Helms has lost and continued to lose substantial income and benefits.

## COUNT I—BREACH OF CONTRACT

20.    Ms. Helms incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

21.    Ms. Helms fully complied with every obligation imposed upon her by her contract with Medical Center and with Medical Solutions LLC.

22.    Medical Center failed to fulfill its obligations under its contract with Ms. Helms.

23.    Ms. Helms lost substantial income and benefits to which she would have been entitled had Medical Center performed its obligations under the contract.

24.    Ms. Helms spent some of her own time and resources in reliance on complete fulfillment of her contract with Medical Center.

3

## COUNT II—DEFAMATION

25.     Ms. Helms incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

26.     Medical Center made false statements to Medical Solutions LLC to justify its breach of her employment contract.

27.     Medical Center intended to harm Ms. Helms in doing so, or at least acted with a negligent disregard to the truth.

28.     Ms. Helms has been injured as a result of Medical Center's stated falsehoods.

## COUNT III—TORTIOUS INTERFERENCE

29.     Ms. Helms incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

30.     Medical Center intended to interfere with Ms. Helms' contract with Medical Solutions LLC when it gave Medical Solutions LLC false reasons for Ms. Helm's termination.

31.     Because of the false statements from Medical Center, Medical Solutions LLC refused to place Ms. Helms on other traveling nursing assignments.

32.     Ms. Helms lost substantial income and benefits as a result of not being placed on other traveling nursing assignments.

WHEREFORE, Ms. Helms requests judgment against Medical Center as follows:

a.     Compensatory damages, including lost wages and benefits;

b.     Emotional distress damages;

4

c.      Reputational damages;

d.      Annoyance and inconvenience damages;

e.      Punitive damages;

f.      Attorney fees and costs;

g.      Prejudgment interest on all amounts; and

h.      Such further relief as the Court may find appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

                                        **VERONICA HELMS**
                                        **Plaintiff,**

                                        **By Counsel,**


Richard W. Walters (WVSB #6809)
Carl W. Shaffer (WVSB #13260)
SHAFFER & SHAFFER PLLC
P.O. Box 3973
Charleston, WV 25339
Telephone: (304) 344-8716

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

VERONICA HELMS,

      Plaintiff,

                                 CIVIL ACTION NO:19-C-59

                                 Judge Michael Olejasz

v.

OHIO VALLEY MEDICAL
CENTER, INC.,

      Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR
## ADMISSIONS TO DEFENDANT OHIO VALLEY MEDICAL CENTER, INC.

Pursuant to Rules 26, 33, 34, and 36 of the *West Virginia Rules of Civil Procedure*, Plaintiff Veronica Helms propounds the following discovery request to Defendant Ohio Valley Medical Center, Inc., to be answered fully in writing and under oath, with responses to be served upon Plaintiff's counsel.

### DEFINITIONS AND INSTRUCTIONS

This discovery request shall be deemed to be continuing in nature and you are therefore requested to serve supplemental answers and responses to each interrogatory and request if further information is obtained subsequent to the date of your initial answers and responses.

For the purpose of the interrogatories, the pronouns "defendant", "you" and "your" refers to the Defendant and its counsel.

All such requests shall be deemed to include knowledge or information in possession of Defendant and/or its counsel, unless privileged.

The word "document" means any writing, recording, film, videotape, audio tape, diagram, memorandum, letter, file, telephone log, calendar, diary entry, telegram, telefax, drawing, diagram, photograph, report, note, e-mail or any other

writing or thing in whatever form, however produced or reproduced, and all drafts thereof.

If any request for production of documents requests that you produce a document which you feel to be privileged or confidential, identify the document by stating what kind of document it is, the name of the person who made or sent it, the person or persons to whom it was sent and the date, and state the ground for your claim of privilege or confidentiality.

## INTERROGATORIES

### Interrogatory No. 1:

For each admission you denied in the Plaintiff's First Set of Request for Admissions, please explain in detail why you denied the Admission.

### Answer:


### Interrogatory No. 2:

Please list the name, address, employer, and telephone number of each and every individual whom the Defendant believes has knowledge of the material facts of this case and state in detail the facts known by each such individual.

### Answer:


### Interrogatory No. 3:

Please list the name, address, employer, and telephone number of each and every person the Defendant intends to call, or believes that it may call, as a witness at the trial of this matter, and detail the testimony each witness is expected to give.

2

<u>Answer:</u>

<u>Interrogatory No. 4:</u>

Please identify, with specificity, each and every exhibit, document, e-mail, video or audio tape, model or photograph, or any other tangible thing of whatever form, which the Defendant intends to use, or believes that it may use at trial.

<u>Answer:</u>

<u>Interrogatory No. 5:</u>

Please identify each expert witness you expect to call to testify at trial, the subject matter to which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds or basis for each opinion of each expert.

<u>Answer:</u>

<u>Interrogatory No. 6:</u>

Please state whether you or anyone on your behalf has obtained any written or recorded statements from any person relating in any way to the claims or defenses set forth in this matter, and, if so, please state:

(a)    the name, home address, and home telephone number of each such person by whom such a statement was made;

(b)    the date such statement was obtained; and

3

(c)     the manner in which each such statement was recorded.

**Answer:**


**Interrogatory No. 7:**

Please identify any and all documents, including but not limited to, letters, notes, memoranda, e-mails, and audio and video recordings that relate in any way to the matters set forth in the Complaint, and identify all persons known by the Defendant to possess a copy of each such document.

**Answer:**


**Interrogatory No. 8:**

State whether there is or was in existence any policy of insurance that would or might inure to the benefit of the Plaintiff herein, by providing for payment of a part or all of any judgment rendered in favor of the Plaintiff, against the Defendant, or against any other person, firm or corporation who is, or may be, liable to the Plaintiff by reason of the incident described in the Complaint, and if your answer is in the affirmative state as follows, as to each such policy known or believed to exist by you or your attorneys.

    a.     The name and address of the insurer of each such policy;

    b.     The name and address of each insured of each such policy;

    c.     The relationship, if any, between each named insured on each such policy and the Defendant in this case;

    d.     The policy number of each such policy;

4

  e.  The name and address of each such person, firm or corporation who is or may be an "additional insured" under such policy by reason of the relationship, if any, between additional insured" and the defendant in this case;

  f.  The limits of liability in each such policy;

  g.  Whether or not any insurer has notified any insured that said insured or any other person, firm or corporation must pay a part of or all of any judgment against defendants before the insurer must make any payments, if so, what payment must be made and by whom before the insurer must make payments; and

  h.  Whether or not the insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved.

**Answer:**


**Interrogatory No. 9:**

  Please identify each individual that was involved in the decision to terminate the Defendant's contract with the Plaintiff and the reason for said termination.

**Answer:**


**Interrogatory No. 10:**

  Please explain Plaintiff's job duties while employed by Defendant.

**Answer:**

Interrogatory No. 11:

With respect to each defense that you intend to assert at the time of trial of this matter, please describe the defense and summarize all evidence in support of each such defense.

**Answer:**

Interrogatory No.12:

What was Plaintiff's total compensation paid by the Defendant? Did Plaintiff earn any amount in overtime while working for the Defendant? If Plaintiff was paid by the hour, what was her hourly rate at the time of the termination of the contract with her?

**Answer:**

Interrogatory No. 13:

List each benefit Plaintiff received while employed with Defendant, including, but not limited to, health insurance, life insurance, and retirement plans. Identify each document that describes any benefit listed. Provide the monthly cost of such benefits and indicate whether Plaintiff or Defendant paid the cost of such benefit(s).

**Answer:**

<u>Interrogatory No. 14</u>:

Please list each individual employed at Defendant's Wheeling location from January 2018 to present.  For each individual please list their name, date of birth, positions held and dates of each position, date of hire, date of separation of employment (if no longer employed), and reason for separation of employment.

<u>**Answer:**</u>


<u>Interrogatory No. 15</u>:

Did any individual(s) attempt to contact Plaintiff at any time between November 28, 2018, and the moment that Defendant decided to terminate its contract with Plaintiff?  If so, please identify the name of the individual(s), the position held by the individual(s) within Defendant's organization, and the purpose of the attempted contact.

<u>**Answer:**</u>


<u>Interrogatory No. 16</u>:

Does Defendant have any written policies or protocols regarding staffing decisions when census in a department is low?  If so, please provide a copy of said policies or protocols.

<u>**Answer:**</u>

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1:**

Please provide a copy of any and all documents relied upon by the Defendant in answering the preceding interrogatories.

**Response:**


**Request No. 2:**

Please provide a copy of any and all documents, including but not limited to letters, notes, memoranda, e-mails, reports, investigation documents, and audio and video recordings that relate in any way to the matters set forth in the Complaint.

**Response:**


**Request No. 3:**

Please provide a copy of any files maintained by defendant regarding plaintiff, including but not limited to personnel files, disciplinary files, etc.

**Response:**


**Request No. 4:**

Please provide a copy of any and all payroll records reflecting Plaintiff's earnings from Defendant such as W-2s.

**Response:**

**Request No. 5:**

Please provide a copy of any and all documents that Defendant had the Plaintiff sign or initial while employed.

**Response:**

**Request No. 6:**

Please provide a copy of any insurance policy that may provide coverage for the claims set forth in plaintiff's complaint.

**Response:**

**Request No. 7:**

Please provide a copy of defendant's income tax returns for the last five years.

**Response:**

**Request No. 8:**

Please provide a copy of any and all documents that reflect any benefits received by Plaintiff during her employment with Defendant.

**Response:**

**Request No. 9:**

Please provide a copy of plaintiff's last paycheck and paystub reflecting payment of her accrued vacation.

Response:

Request No. 10:

Please produce a copy of any and all documents, including notes, that were generated in connection with or concerning the plaintiff, whether as a result of meetings or otherwise.

Response:

Request No. 11:

Please provide all documents that refer to the assets currently held by Defendant.

Response:

Request No. 12:

Please provide all current financial statements referring to Defendant.

Response:

Request No. 13:

Please provide a copy of Defendant's employee guidelines.

Response:

Request No. 14:

Please provide a copy of plaintiff's job description.

Response:

Request No. 15:

Please provide a copy of any agreement that the Defendant has with Medical Solutions LLC, a placement firm for traveling nurses.

Response:

Request No. 16:

Please provide a copy of any communications between the Defendant and Medical Solutions LLC, the subject matter of which relate to the Plaintiff.

Response:

Request No. 17:

Please provide a copy of any documentation showing census numbers of the Defendant's psychiatric unit and emergency department from November 22, 2018, to November 24, 2018.

Response:

<u>Request No. 18</u>:

Please provide a copy of the Defendant's contract with the Plaintiff.

<u>Response</u>:


<u>Request No. 19</u>:

Please provide a copy of the Plaintiff's timesheets from November 10, 2018 to

November 24, 2018.

<u>Response</u>:


<u>Request No. 20</u>:

Please provide a copy of any phone records reflecting Defendant's attempts to

contact Plaintiff at any time between November 28, 2018, and the moment that

Defendant decided to terminate its contract with Plaintiff?

<u>Response</u>:

## REQUEST FOR ADMISSIONS

**Admission No. 1:**

    Please admit that Plaintiff had a contract with the Defendant.

**Response:**


**Admission No. 2:**

    Please admit that Defendant unilaterally made the decision to terminate its contract with Plaintiff.

**Response:**


**Admission No. 3:**

    Please admit that Defendant terminated Plaintiff's contract because of the low census on the psychiatric ward.

**Response:**


**Admission No. 4:**

    Please admit that Defendant claimed that Plaintiff abandoned her shift.

**Response:**


**Admission No. 5:**

    Please admit that Plaintiff did not abandon her shift on November 23, 2018.

**Response:**

13

<u>Admission No. 6:</u>

   Please admit that Plaintiff's supervisor instructed her to go home on November 23, 2018 because there were few patients.

<u>Response:</u>


<u>Admission No. 7:</u>

   Please admit that Plaintiff's supervisor signed Plaintiff's timesheet indicating when she was sent home for the day on November 23, 2018.

<u>Response:</u>


                                        VERONICA HELMS,
                                        Plaintiff,

                                        By Counsel


Richard W. Walters (WVSB #6809)
Carl W. Shaffer (WVSB #13260)
SHAFFER & SHAFFER PLLC
P.O. Box 3973
Charleston, WV 25339
Telephone: 304-344-8716


14